IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

HOMESTREET BANK,    Civil No. 10-3068-CL

    Plaintiff,    REPORT AND RECOMMENDATION

v.

RONALD F. BRENNEMAN; et al.,

    Defendants.

CLARKE, Magistrate Judge:

    Defendants removed this action alleging jurisdiction in this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[1]  Plaintiff has filed a timely motion to remand (#8), contending that this action does not arise under federal law and, therefore, this court does not have subject matter jurisdiction.  For the reasons explained below, plaintiff's motion to remand should be granted.

## DISCUSSION

    Generally, a civil action brought in state court may be removed to federal district court by

---

[1] Defendants cite 28 U.S.C. § 1332 in their Notice of Removal, which provides for subject matter jurisdiction on the basis of diversity of citizenship.  However, defendants clearly invoke jurisdiction in this court on the basis of federal question jurisdiction.

defendant if the action could have been brought in the district court in the first instance. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. If there is any doubt as to the right of removal, federal jurisdiction must be rejected. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Because of this strong presumption against removal jurisdiction, defendant has the burden of establishing that removal was proper. Gaus, 980 F.2d at 566; Duncan, 76 F.3d at 1485.

**Subject matter jurisdiction**

In their Notice of Removal, defendants allege that removal is proper under 28 U.S.C. § 1441 because the action involves application of federal law and the federal question jurisdiction of the court. Defendants rely on language in the commercial guaranty, quoting a provision in the guaranty attached as an exhibit to the complaint: "This guaranty will be governed by federal law applicable to Lender . . . ." (Notice of Removal at 3.) Plaintiff contends that its complaint alleges breach of contract claims which are exclusively state law claims and the complaint does not raise any federal claim. Plaintiff points out that defendants do not quote the full text of the guaranty provision, which provides: "Governing Law. This Guaranty will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Oregon without regard to its conflicts of law provisions. This guaranty has been accepted by Lender in the State of Oregon."[2] (Compl. Ex. 3 at 6, 10, 17, 21, 25, Commercial

---

[2] This is the complete text of the provision cited by defendants in their Notice of Removal. Two of the commercial guaranties include a governing law provision which is somewhat different: "This Guaranty will be governed by, construed and enforced in accordance with federal law and the laws of the State of Oregon. This Guaranty has been accepted by Lender in the State of Oregon." (Compl. Ex. 3 at 2, 13, Commercial Guaranty at 2.)

2 - Report and Recommendation

Guaranty at 3.)

Pursuant to 28 U.S.C. § 1331 governing federal question jurisdiction, district courts shall have original jurisdiction of "all civil action arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 112-13 (1936)). As the Ninth Circuit has stated, "Put simply, the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, L.L.C. v. Dept. of Health & Envtl. Quality of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000). Because federal courts are courts of limited jurisdiction, limited to controversies delineated in Article III, section 2, clause 1 of the Constitution, and subjects encompassed within a statutory grant of jurisdiction, "no action of the parties can confer subject-matter jurisdiction upon a federal court [and] the consent of the parties is irrelevant." Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

In opposition to plaintiff's motion for remand, defendants assert that, "this case involves application of federal law as agreed to by the parties in the controlling documents." (Defs. Opp'n at 2.) However, as plaintiff points out, the complaint filed by it against defendants in state court, including the commercial guaranties attached as exhibits, alleges only a state claim for breach of guaranty. (Notice of Removal Ex. 1.) The reference to federal law as the governing law in the provisions of the commercial guaranty does not transform plaintiff's claim against defendants into a federal claim which could be brought in this court. It is noteworthy that, even if the parties

3 - Report and Recommendation

had agreed to bring plaintiff's claim in federal court, that agreement would not invoke this court's jurisdiction because "the consent of the parties is irrelevant." Insurance Corp. of Ireland, 456 U.S. at 702. Accordingly, defendants have not sustained their burden of establishing that this court has federal question jurisdiction and this action should be remanded to state court.[3]

**Plaintiff's request for award of attorney fees and costs**

Plaintiff moves for an award of its reasonable attorney fees and costs incurred as a result of defendants' improper removal. (Pl. Mem. at 5.) Defendants assert that plaintiff is not entitled to its attorney fees because they did nothing more than cause the transfer of the action to the court that should be hearing it as agreed to by the parties.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court in Martin v. Franklin Capital Corp., 546 U.S. 132 (2005), considered the proper standard for awarding attorney fees when the district court remands a case to state court. The Court held that the standard for awarding attorney fees under section 1447(c) turns on the reasonableness of the removal: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." 546 U.S. at 136, 141. Under this standard, district courts retain the discretion to consider whether unusual circumstances warrant a departure in a given case. Id. The Martin Court stated:

---

[3] Defendants acknowledge that they reside in Oregon and Arizona. Therefore, the court does not have subject matter jurisdiction by reason of diversity jurisdiction, 28 U.S.C. § 1332.

4 - Report and Recommendation

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Id. at 140.

Defendants removed this action on the basis of language relating to the governing law in contract guaranties. There was nothing on the face of plaintiff's complaint, including this language in the guaranties, which indicated that the action arose under the United States Constitution, or the United States law, or United States treaties so as to raise federal question jurisdiction under 28 U.S.C. § 1331. The law is clear that parties cannot stipulate to federal court jurisdiction where there is otherwise no basis apparent on the face of the complaint. Accordingly, because defendants did not have an objectively reasonable basis to remove this action to this court, the court finds that an award of attorney fees and costs incurred by plaintiff as a result of the removal is warranted.[4] See Massad v. Greaves, 554 F. Supp.2d 163, 167 (D. Conn. 2008) (defendant lacked objectively reasonable basis for removal where, in part, removal was without any legal basis predicated on the counterclaim or federal criminal statute; costs and fees awarded on remand); Plevretes v. La Salle Univ., Civil Action No. 07-5186, 2007 WL 4441220, at *3 (E.D. Pa. Dec. 19, 2007) (defendant lacked objectively reasonable basis for removal where removal on basis of diversity expressly prohibited by 28 U.S.C. § 1441(b); costs and expenses awarded).

//

---

[4] This court retains jurisdiction to award attorney fees and costs following an order of remand. Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 445, 448 (9th Cir. 1992).

5 - Report and Recommendation

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's motion to remand (#8) be granted and that this action be remanded to the Circuit Court of the State of Oregon for Jackson County. Plaintiff's request for an award reasonable attorney fees and costs should be granted. If the court orders that this action be remanded and allows plaintiff an award of costs and fees, plaintiff should submit, within 11 days of the court's order, an itemized statement of reasonable attorney fees and costs incurred as a result of the removal and remand proceedings, and defendants should have 11 days thereafter to respond if they dispute the amounts claimed.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due by January 10, 2011. If objections are filed, any response to the objections are due by January 17, 2011,* see Federal Rules of Civil Procedure 72 and 6.

Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 22 day of December, 2010.

UNITED STATES MAGISTRATE JUDGE

6 - Report and Recommendation